IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| W. ROBERT WARDELL,         )<br>    )<br>    Plaintiff,    )<br>    )<br>v.     )<br>    )<br>AMERICAN DAIRY GOAT ASSOCIATION,  )<br>and     )<br>KENNON D. FEASTER-EYTCHISON,   )<br>KRISTINA S. BOZZO-BALDENEGRO,  )<br>LYNN BENEDICT,     )<br>MELISSA O'ROURKE,    )<br>ROBIN M. SAUM,     )<br>and     )<br>SHIRLEY McKENZIE,    )<br>all individually and in their   )<br>respective capacities as officers,  )<br>employees, agents, directors or  )<br>members of the American Dairy   )<br>Goat Association,    )<br>    )<br>    Defendants.  )| CIVIL ACTION<br>No.<br><br>**F I L E D**<br>UNITED STATES DISTRICT COURT<br>DENVER, COLORADO<br><br>**APR 29 2021**<br><br>JEFFREY P. COLWELL<br>CLERK<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

### **INTRODUCTION**

Plaintiff hereby files this Complaint pursuant to Rule 15(a) of the Federal
Rules of Civil Procedure.

This is an action for injunctive relief and damages. Counts I and II allege

violations of Sections I and II of the Sherman Antitrust Act, 15 U.S.C. §§ 1 and

2. Counts III through V invoke the pendent jurisdiction of the Court and state

causes of action which arise out of the same acts and occurrences which form

the basis of the antitrust claims. Count VI alleges that plaintiff has been

denied due process of law because the Defendants have failed to follow their own Constitution and By-Laws in revoking plaintiff's membership.

Plaintiff, a nationally renowned breeder of registered, dairy goats alleges herein that the corporate defendant, the American Dairy Goat Association (ADGA), through the use of its monopoly power, and in concert with some of its members and competitors of plaintiff, engaged in a combination and conspiracy to deny plaintiff the ability to engage in the business of raising, selling, showing, and breeding American and/or purebred dairy goats. This was accomplished by: (a) the generation of false and misleading complaints by competitors of plaintiff to the ADGA; (b) arbitrary and unreasonable conduct by the ADGA in the investigation and prosecution of said complaints; (c) holding of hearings within the ADGA before committees comprised of competitors of plaintiff who were prejudiced against plaintiff and who ultimately rendered arbitrary and capricious decisions designed to put plaintiff out of business; and (d) a denial of due process in connection with internal hearings conducted by the ADGA, in violation of its own Rules and Regulations. All of these unlawful actions were taken with the purpose and intent of barring plaintiff from the breeding, showing, and sale of American and/or purebred dairy goats, as a consequence of which he has lost what had been for thirty (30) years, the principal source of his livelihood.

**COUNT 1**

**I.  JURISDICTION AND VENUE**

1.  This complaint is filed pursuant to 15 U.S.C. §§ 15 and 26 for injunctive relief and damages arising out of violation by the defendants of Section I of the Sherman Act, 15 U.S.C. §1.  Jurisdiction is hereby invoked under 28 U. S. C. § 1337.

2.  Venue is proper in this Court pursuant to 15 U.S.C. § 22 in that defendant ADGA transacts business in this State.

**II.  PARTIES**

3.  Plaintiff W. Robert Wardell is a citizen of the United States and a citizen and resident of the State of Colorado, residing at 5100 Ronald Reagan Blvd., A305, Johnstown, Larimer County, Colorado.  He is a nationally recognized breeder of American and/or purebred dairy goats and, until the unlawful actions complained of herein, had for thirty-plus (30+) years been engaged in the business of advertising, breeding , showing , and selling American and/or purebred dairy goats, in interstate commerce throughout the United States.

4.  Defendant is a membership dairy goat registry corporation, incorporated under the laws of Missouri, with its principal office and place of business at 161 W. Main St., Spindale, NC  28160.  Defendant transacts business in Colorado and in other states of the United States on a regular and routine basis.

5.  Defendant McKenzie at relevant times has been employed by

ADGA as its Association Manager, Registrar, a titular member of the ADGA Executive Committee and a member of an ADGA Hearing Committee which, although constituted to hear charges against plaintiff, denied him due process, and is a resident of the North Carolina whose address is 161 W. Main St., Spindale, NC 28160, P.O. Box 865, Spindale, North Carolina 28160. Defendant McKenzie knew or should have known that her conduct as complained of herein would cause injury to plaintiff in Colorado.

6. Defendant Feaster-Eytchison at relevant times has been a member and director of the ADGA, the President of ADGA, a member of the ADGA Executive Committee, and a member of an ADGA Hearing Committee which, although constituted to hear charges against plaintiff, denied him due process. Until the actions complained of herein forced plaintiff out of business, Feaster-Eytchison was a potential competitor with plaintiff at the national level in the breeding, sale and showing of American and/or purebred dairy goats. Feaster-Eytchison is a resident of the State of Idaho, residing at 320 8th Avenue S., Nampa, Idaho 83651.

7. Defendant Considine at relevant times has been a member and director of the ADGA, the 1st Vice-President of ADGA, a member of the ADGA Executive Committee, and a member of an ADGA Hearing Committee which, although constituted to hear charges against plaintiff, denied him due process. Until the actions complained of herein forced plaintiff out of business, Considine was a potential competitor with plaintiff at the national level in the breeding, sale and showing of American and/or purebred dairy goats.

Considine is a resident of the State of Wisconsin, residing at W10802 Walker Rd., Portage, Wisconsin 53901. Defendant Considine knew or should have known that his conduct as complained of herein would cause injury to plaintiff in Colorado.

8. Defendant Bozzo-Baldenegro at relevant times has been a member and director of the ADGA, the 2nd Vice-President of ADGA, a member of the ADGA Executive Committee, a participant in the American dairy goat business, an owner of certain American Alpines descended from +*B Sweet Dreams Cadillac Jack, and a member of an ADGA Hearing Committee which, although constituted to hear charges against plaintiff, denied him due process. Until the actions complained of herein forced plaintiff out of business, Bozzo-Baldenegro was a potential competitor with plaintiff at the national level in the breeding, sale and showing of American and/or purebred dairy goats. Bozzo-Baldenegro is a resident of the State of California, residing at 5241 Grainflat Rd., Plymouth, California 95669. Defendant Bozzo-Baldenegro knew or should have known that her conduct as complained of herein would cause injury to plaintiff in Colorado.

9. Defendant Benedict at relevant times has been a member and director of the ADGA, Member-At-Large of ADGA, a member of the ADGA Executive Committee, and a member of an ADGA Hearing Committee which, although constituted to hear charges against plaintiff, denied him due process. Until the actions complained of herein forced plaintiff out of business, Benedict was a potential competitor with plaintiff at the national level in the breeding, sale and

showing of American and/or purebred dairy goats.  Benedict is a resident of the State of West Virginia, residing at 460 Benedict Lane, Lewisburg, West Virginia  24901.  Defendant Benedict knew or should have known that her conduct as complained of herein would cause injury to plaintiff in Colorado.

10.  Defendant O'Rourke at relevant times has been a member and director of the ADGA, Member-At-Large of ADGA, a member of the ADGA Executive Committee, and a member of an ADGA Hearing Committee which, although constituted to hear charges against plaintiff, denied him due process. Until the actions complained of herein forced plaintiff out of business, O'Rourke was a potential competitor with plaintiff at the national level in the breeding, sale and showing of American and/or purebred dairy goats. O'Rourke is a resident of the State of Iowa, residing at 1849 Whitetail Rd., Decorah, Iowa  52101.  Defendant O'Rourke knew or should have known that her conduct as complained of herein would cause injury to plaintiff in Colorado.

11.  Defendant Saum at relevant times has been a member and director of the ADGA, Immediate Past President of ADGA, a member of the ADGA Executive Committee, and a member of an ADGA Hearing Committee which, although constituted to hear charges against plaintiff, denied him due process. Until the actions complained of herein forced plaintiff out of business, Saum was a potential competitor with plaintiff at the national level in the breeding, sale and showing of American and/or purebred dairy goats.  Saum is a resident of the State of Ohio, residing at 4675 Hamburg Rd., Lancaster, Ohio  43130.

Defendant Saum knew or should have known that her conduct as complained of herein would cause injury to plaintiff in Colorado.

12. The foregoing defendants and various unnamed persons not made defendants in this Complaint have acted as co-conspirators in some or all of the acts complained of and/or have combined and/or conspired in the violations alleged herein and have performed acts and made statements in furtherance thereof.

## II. TRADE AND COMMERCE

13. American and/or purebred dairy goats are recognized as separate and distinct breeds of dairy goat in the United States and elsewhere. Many farms and ranches throughout the United States specialize solely in the breeding, sale and showing of American and/or purebred dairy goats.

14. American and/or purebred dairy goat breeders advertise extensively throughout the country for the sale of dairy goats and semen. Individuals involved in the breeding, training, and showing of American and/or purebred dairy goats routinely travel throughout the United States in search of American and/or purebred dairy goats to purchase or sell. Breeders regularly transport American and/or purebred dairy goats in interstate commerce for shows in various parts of the country. Prize money at some of these shows for American and/or purebred classes, especially the California State Fair, sponsored by the ADGA, has led as high as twenty-five hundred dollars ($2,500.00).

15.  Annual trade and commerce in the United States in the breeding, sale, and showing of American and/or purebred dairy goats exceeds Five Million Dollars $10,000,000.00 per year.

16.  Defendant American Dairy Goat Association (ADGA) is a not-for-profit corporation engaged in interstate commerce.  The ADGA maintains a registry for registration of American and/or purebred dairy goats and routinely mails and receives registration forms and blood type kits through the United States mail in furtherance of its registry activities.  The ADGA regularly sponsors, prepares, and publishes a number of publications, including but not limited to the *ADGA News & Events*, which publications are mailed to Colorado and various other states.

17.  The ADGA is the sole entity in the United States for the registration and/or recordation of the pedigrees of American dairy goats.  By the fact of such registration, American dairy goats are most desirous, and the value of the animals is significantly increased thereby.  The only dairy goats eligible for registry in the ADGA American herdbooks are those resulting from the mating of an ADGA registered sire to an ADGA registered dam, or purebreds registered with the American Goat Society (AGS) or ADGA.  The ADGA, however, also registers purebred dairy goats and is recognized as the gold standard in dairy goat registrations for American and purebred dairy goats.  Moreover, the ADGA offers performance programs that no other registry offers such as linear appraisal.

18.  The ADGA has a total monopoly on the registration of pedigrees of American dairy goats in the United States.  If one desires to engage  in the business of breeding, raising, showing, and selling of registered American dairy goats, one must be a member in good standing of the ADGA.  The ADGA has a total current membership of over 20,000 individuals throughout the United States.  The ADGA, however, also registers purebred dairy goats and is recognized as the gold standard in dairy goat registrations.

19.  The ADGA has understandings and agreements with other associations such as the National Dairy Herd Improvement Association (NDHIA), Council on Cattle Breeding (CDCB), and American Goat Society (AGS).  ADGA's agreement with NDHIA and CDCB is such that ADGA and AGS are the only two recognized dairy goat registries currently providing milk production records.  ADGA and AGS have an agreement that only ADGA- or AGS-registered dairy goats are eligible to participate in other shows sponsored by the ADGA or AGS.  The CDCB is responsible for creating genetic reports of dairy goats for production and type.  Only AGS and ADGA records are currently used for the creation of those records, with ADGA being recognized by the CDCB as the sole voice of dairy goat breeders in the United States.  The ADGA and AGS are the sole providers of "permits to test" for production testing in the United States.  Thus, expulsion of plaintiff from the ADGA jeopardizes his ability to show, production test, and linear appraise American and/or purebred dairy goats.

20. Plaintiff W. Robert Wardell owns a farm operation known as Cimarron*Farms & Breeding Co., LLC, a for-profit company registered with the Colorado Secretary of State and in good-standing. For over 25 years, the plaintiff was a breeder of registered American and/or purebred dairy goats and a member in good standing of the ADGA until actions were taken by the defendants from the fall of 2005 to the present, which are the subject matter of this complaint,

21. Prior to the fall of 2005, the plaintiff had developed an expertise as a breeder, and ability to analyze and combine bloodlines and individual traits in planned matings to produce American and/or purebred dairy goats of outstanding quality, conformation, and ability. Plaintiff enjoyed an excellent reputation as a breeder of high quality American and/or purebred dairy goats which had a high degree of success in shows featuring American and/or purebred dairy goat classes. The dairy goats bred by the plaintiff enjoyed a good demand for purchase by other American and/or purebred dairy goat breeders, and the plaintiff had received higher than average prices for a number of registered American and/or purebred dairy goats sold. The plaintiff had taken his American and/or purebred dairy goats to many shows outside the State of Colorado and had sold many American and/or purebred dairy goats outside the state to buyers as far away as the State of Massachusetts.

22. No questions had ever been raised about the integrity of the pedigrees of American and/or purebred dairy goats.

23. In the spring of 1990, plaintiff purchased a registered American Saanen doe named Washoe-Zephyr Consider Cute (Cute). That same year, Cute's dam, Washoe Zephyr No Angel, was named National Saanen Grand Champion at the ADGA National Show.

24. The following year, the daughter of a buck that plaintiff purchased with Cute, Washoe Zephyr Lord Byron, was named 1992 Reserve Jr. National GCH.

## IV. VIOLATIONS ALLEGED

25. In the summer of 1995, defendant McKenzie placed a hold on plaintiff's ADGA account for blood typing fees. Despite pointing out obvious double-billing errors, the ADGA refused to remove the hold from plaintiff's account and the hold continues today.

26. In late 1998, plaintiff filed suit against the ADGA and its officers in the Lincoln County Court, Hugo, Colorado. That suit was dismissed for lack of jurisdiction.

27. However, in July of 2000, plaintiff successfully appealed the dismissal of the 1998 Complaint in Lincoln County District Court, based on the long-arm statute and, on August 30, 2001, the ADGA was ordered to pay plaintiff the amount of $403.50.

28. Following another round of appeals, plaintiff successfully appealed the county court's denial of costs and, on August 19, 2009, the ADGA was ordered to pay plaintiff the amount of $576.73.

29.  However, prior to the 2009 award, the ADGA purported to revoke plaintiff's membership permanently.

30.  Without any advance notice to plaintiff, defendant McKenzie sought to revoke plaintiff's membership, even though the Rules and Regulations of the ADGA required a written Complaint of the allegations for revocation to be served on plaintiff within twenty-one (21) days of the Complaint being made. To date, **_NO_** written notice or Complaint of any allegations of misconduct has been served on the plaintiff.

31.  Plaintiff made written notice to Defendant Saum requesting to appear at the hearing by telephone.  Defendant Saum ignored plaintiff's request.

32.  Thereafter, prior to any notice of charges or the holding of any internal ADGA hearings or procedures designed by the ADGA to deal with such issues, the ADGA, acting on the authority of its then-President, Saum, as well as McKenzie and others, at this time unknown to plaintiff, arbitrarily and capriciously violated its own Rules and Regulations as well as plaintiff's due process rights by revoking plaintiff's membership without proper notice and hearing and by refusing to accept applications for registration or applications for transfer by plaintiff of any and all American and/or purebred dairy goats. Registrations and transfers were *never* allowed despite protests from plaintiff, plaintiff lost sales and suffered damage to his reputation as a breeder thereby.

33.  Defendant Saum and the Association, along with the Association Manager, defendant McKenzie and the other defendants who were members of

committees embarked on a combination and conspiracy in restraint of trade designed to expel plaintiff from the ADGA and render him unable to compete in the business of breeding, showing, and selling American and/or dairy goats, and to organize a group boycott of plaintiff. That combination and conspiracy consisted of the following acts among others:

   a) Announcements were made at shows and conventions that plaintiff was under investigation, in an effort to damage and ruin plaintiff's reputation.

   b) Members of the ADGA were urged not to deal with plaintiff.

   c) The Association purportedly held a hearing regarding the plaintiff, which hearing violated plaintiff's due process rights and was a violation of the ADGA's own Rules for Hearings and Appeals in that:

   (1) Plaintiff was not ever provided any Complaint alleging misconduct, including to date.

   (2) Hearing Committee members and defendants herein were competitors and/or potential competitors of plaintiff, were not impartial, and rendered decisions which were arbitrary and capricious.

   (3) Defendant members of the Hearing Committees accepted and relied on evidence which they knew or should have known was false or at least highly suspect.

(4) The ADGA refused to provide to plaintiff information which would allow him to defend himself before the hearings.

(5) The timing of the filing of the revocation of membership, both before the lawsuit appeal was final, and without proper written notice of charges, reveals that the entire process as applied to plaintiff was not only arbitrary and capricious but a complete sham; designed to retaliate against the plaintiff for his litigation.

d) The Association purportedly held a meeting regarding the plaintiff, which meeting violated plaintiff's due process rights and was a violation of the ADGA's own Rules for Meetings and Hearings and in that:

(1) The Board of Directors ordered that the meeting minutes be *sealed* because they feared additional litigation as a result of their meeting.

34. As a result of the unlawful actions and violation of plaintiff's due process rights , the ADGA arbitrarily and capriciously expelled plaintiff from membership in the ADGA.

35. Not content to expel plaintiff from the ADGA, the ADGA has refused to allow plaintiff to register or transfer American and/or purebred dairy goats as a non-member.

36. The actions of the ADGA and the said defendants hereby constitute a group boycott and combination and conspiracy in restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. §.1.

## V. EFFECTS

37. As a direct and proximate result of the violations of Section I of the Sherman Act alleged herein, plaintiff has been damaged in his business and property in the following ways :

    a) Plaintiff has effectively been put out of business and is now foreclosed from selling or transferring any American and/or purebred dairy goats.

    b) Plaintiff is effectively foreclosed from advertising and selling semen for the purpose of breeding American and/or purebred dairy goats.

    c) Plaintiff has been forced to expend substantial amounts to defend himself from these unlawful and arbitrary actions.

38. As a direct and proximate result of the violation of Section 1 of the Sherman Act as alleged herein, competition in the sale, breeding and showing of American and/or purebred dairy goats has been restrained as follows:

    a) The general public is effectively foreclosed from purchasing high quality American and/or purebred dairy goats from plaintiff.

    b) The general public is effectively foreclosed from purchasing semen from outstanding American and/or purebred dairy goat sires for breeding owned by plaintiff.

    c) The general public is effectively foreclosed from advertising and showing progeny of Cadillac Jack owned by plaintiff.

d) Members of the ADGA will be less inclined to challenge the ADGA's practices and, therefore, will tolerate unlawful actions in the future which will have the same anticompetitive effects on competition in the sale, breeding, and showing of American and/or purebred dairy goats.

39. By reason of the unlawful action of the defendants as alleged herein, plaintiff has been damaged in an amount as yet to be determined and his damages will continue to increase unless the relief prayed for herein is granted.

## JURY DEMAND -- PLAINTIFF DEMANDS A TRIAL BY JURY ON COUNT I.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays :

A. That the aforesaid combination and conspiracy among the defendants in restraint of interstate trade and commerce in the sale, breeding, and showing of American and/or purebred dairy goats be adjudged and decreed to be in violation of Section 1 of the Sherman Act.

B. That this Court enter a preliminary and then a permanent injunction enjoining defendant ADGA from expelling plaintiff from the ADGA.

C. That plaintiff be awarded three times the monetary damages which the evidence shows that plaintiff has suffered as a result of the unlawful action complained of herein.

D. That the court award plaintiff the costs of this action, including reasonable attorney's fees.

E.  That the Court grant such other and further relief as the
Court may deem just and proper.

## COUNT II

40.  Each and every allegation set forth in paragraphs 1 through 39 of
this Complaint is here realleged with the same force and effect as if fully set out
herein.

41.  The actions of the various defendants as set forth in paragraphs 1
through 39 above constitute a conspiracy to monopolize trade and commerce in
the breeding, sale, and showing of American and/or purebred dairy goats in
the United States, as well as an abuse of monopoly power by the ADGA, all in
violation of Section 2 of the Sherman Antitrust Act (15 U.S.C. § 2).

42.  As a direct and proximate result of the unlawful action of defendants
and the ADGA, in violation of 15 U.S.C. § 2, plaintiff has been damaged, and
competition has been restrained in the manner set forth in paragraphs 37
through 39 above.

### JURY DEMAND -- PLAINTIFF DEMANDS A TRIAL BY
### JURY ON COUNT II.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays :

A.  That the aforesaid conspiracy to monopolize and abuse of monopoly
power be adjudged and decreed to be in violation of Section 2 of the Sherman
Act.

B. That this Court enter a preliminary and then a permanent injunction enjoining defendant ADGA from expelling plaintiff from the ADGA.

C. That plaintiff be awarded three times the monetary damages which the evidence shows that plaintiff has suffered as a result of the unlawful action complained of herein.

D. That the court award plaintiff the costs of this action, including reasonable attorney's fees.

E. That the Court grant such other and further relief as the Court may deem just and proper.

## COUNT III

43. Plaintiff hereby invokes the pendant jurisdiction of this Court.

44. Venue is proper in this Court pursuant to 28 U. S.C. § 1391(b) because the ADGA transacts business in the State of Colorado, a substantial part of the events giving rise to the claims occurred in Colorado, and all defendants knew or should have known that their actions as alleged herein would cause harm and damage to plaintiff in Colorado.

45. Each and every allegation of paragraphs 3 through 42 of this complaint is here realleged as if fully set forth herein.

46. At the time that the ADGA placed unlawful restrictions on the registration and transfer of plaintiff's American dairy goats, as set forth in paragraph 33 of this Complaint, as well as at the time that plaintiff was expelled from the ADGA, all defendants knew or should have known that plaintiff was in the business of selling, breeding, and showing American and/or

purebred dairy goats, and that he was continuously entering into contracts for such sale and breeding. By rejecting specific requests for transfer, defendants also knew or should have known had contracts for the sale of such American dairy goats or that plaintiff anticipated that he would have contracts for the sale of the American dairy goats for which transfers were requested.

47. Through the actions set forth above in paragraphs 25 through 36, defendants intentionally and improperly interfered with contractual relationships which plaintiff then had with third parties.

48. Through the actions set forth above in paragraphs 25 through 36, defendants intentionally and improperly interfered with advantageous relations which plaintiff anticipated in the future conduct of his business.

49. As a direct and proximate result of defendants' unlawful actions, plaintiff suffered the loss of contracts for the sale of American dairy goats which were then in existence as well as the loss of many other future contracts for the sale of American dairy goats and semen. Plaintiff has also been foreclosed from showing American and purebred dairy goats and competing for prize money.

50. The amount of plaintiff.'s damages has yet to be determined because they are ongoing and will continue to mount until the plaintiff is restored to full membership in the ADGA and progeny are once again fully registered in the Registry of the corporation.

**JURY DEMAND -- PLAINTIFF DEMANDS A TRIAL BY JURY ON COUNT III.**

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays that this Court:

A. Adjudge and decree that defendants have tortiously interfered with plaintiff's existing contractual relationships as well as with future advantageous business relationships which plaintiff could have enjoyed.

B. Award to plaintiff damages, costs, and reasonable attorney's fees.

C. Grant such other and further relief as may be just and proper.

## COUNT IV

51. Plaintiff hereof Invokes the pendant jurisdiction of this Court and hereby incorporates by reference the allegations of paragraph 44 as to venue.

52. Each and every allegation set forth in paragraphs 3 through 50 is hereby realleged as if fully set forth herein.

53. Defendants' conduct as alleged herein constitutes a willful and/or knowing unfair method of competition or unfair practice in the conduct of trade and commerce in Colorado in violation of C.R.S. § 10-3-1104.

54. Plaintiff has been injured by defendants' unlawful conduct in that defendants' actions have put him out of business and caused him damages as alleged in paragraphs 37 and 39 above.

### JURY DEMAND -- PLAINTIFF DEMANDS A TRIAL BY JURY ON COUNT IV.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays that this Court:

A.  Adjudge and decree that the aforesaid conduct of defendants constitutes a willful and knowing violation of C.R.S. § 10-3-1104.

B.  Award to plaintiff three times the damages she is found to have sustained pursuant to C.R.S. § 10-3-1104, together with costs and reasonable attorney's fees.

C.  Enter a preliminary and then permanent injunction ordering defendant ADGA to reinstate plaintiff as a member with all privileges appurtenant thereto and to register all American or purebred dairy goats owned by the plaintiff in the Registry of the ADGA.

D.  Grant such other and further relief as may be just and proper.

## COUNT V

55.  Plaintiff hereby invokes the pendant jurisdiction of this Court.

56.  Each and every allegation of paragraph 44 of this Complaint as to venue is here realleged as if fully set forth herein.

57.  Each and every allegation of paragraphs 3 through 54 of this Complaint is here realleged as if fully set forth herein.

58.  The ADGA and the other defendants herein have published false and defamatory statements regarding plaintiff, including but not limited to statements to the effect that plaintiff defrauded the Registry.

59.  Said statements related to matters that were incompatible with plaintiff's business, trade and profession and subjected plaintiff to ridicule and scorn within the American dairy goat community.

60. The said false and defamatory statements, in part, forced plaintiff to cease doing business and were the proximate cause of damages arising through the loss of sales, the loss of breeding fees, and the loss of showing prizes.

61. These damages are continuing in an amount yet to be determined.

**JURY DEMAND -- PLAINTIFF DEMANDS A TRIAL BY JURY ON COUNT V.**

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays that this Court:

A. Adjudge and decree that the defendants have tortiously defamed plaintiff or his business reputation.

B. Award to plaintiff damages, costs, and reasonable attorney's fees.

C. Grant such other and further relief as may be just and proper.

Respectfully submitted,

W. Robert Wardell
***Pro Se*** Plaintiff
5100 Ronald Reagan Blvd. A305
Johnstown, CO 80534
(303) 514-4609
rwardell987@gmail.com

Dated: April 26, 2021